JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMAT "SAM" ELHILU, HAYTHAM KAFOUF, MINA DERAKHSHANIAN and TOORAJ DERAKHSHANIAN, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>QUIZNO'S FRANCHISING COMPANY, LLC; QUIZNO'S FRANCHISING, LLC, a Colorado Limited Liability Company; THE QUIZNO'S FRANCHISE COMPANY, LLC, a Colorado Limited Liability Company; QUIZNO'S FRANCHISING II, LLC, a Delaware Limited Liability Company; QFA ROYALTIES; THE QUIZNO'S MASTER, LLC; QIP HOLDER LLC; QZ FINANCE, a Limited Liability Company; TQSC, LLC; RICHARD E. SCHADEN, Individually and as Joint Trustee under the Voting Trust Agreement dated July 14, 1994, as amended for The Quiznos Master LLC; FREDERICK H. SCHADEN, Individually and as Joint Trustee under the Voting Trust Agreement dated July 14, 1994, as amended for The Quiznos Master LLC; JEFF D'ARCY; STEVE SELTZER; GREGORY N. SPALTER; QSC DEVELOPMENT, LLC; NICKI PUTNAM; BARRY A. OGAWA; DAVID L. WEST; DAG, Inc., a corporation, ROBERT J. GORHAM; TRITON SUBS, INC., a Corporation; MARK ROGERS; RENEE ALEXANDER; TODD STERNFELD; STAR, INC., a Corporation; and PATRICIA A. PLASTER,<br><br>          Defendants. | **Case: 2:06-cv-07855-FMC-CTx**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL**<br><br>*Note Edits Made by Court* |

A fairness hearing was held in this Court on _November 2_, 2009 pursuant to a Motion for Final Approval of Class Action Settlement Agreement and Release of the above-captioned case (the "Action") and an order preliminarily approving the proposed settlement (the "Preliminary Approval Order") of this action dated ___June 19__, 2009.

Due and adequate notice having been given of the Settlement as required in the Preliminary Approval Order, and a full and fair opportunity to be heard having been given to all persons who requested to be heard in accordance with the Preliminary Approval Order, and the Court, having considered all papers filed in support of and opposition to final approval, and especially the objections of any objectors and the arguments of counsel, and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2. This Final Judgment and Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

3. The Notice of Pendency and Proposed Settlement of Class Action and the Settlement Notice given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through the business records of Quiznos.  Said Notice provided the best notice practicable under the circumstances  of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of F.R.C.P. 23 and the requirements of due process.

4. __Zero__ Settlement Class Members filed objections to the Settlement Agreement.  All such objectors are listed in Ex. 1 hereto.  ~~This Court has considered each of those objections and rules _____ [Court to insert].~~

5. Pursuant to F.R.C.P. 23, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class comprised of all persons or entities who: (a) paid a Franchise Fee on or before February 28, 2009 to purchase a traditional Quiznos Restaurant to be located in the State of California which did not open for operation on or before February 28, 2009; and (b) who did **_not_**: (i) purchase a Non-Traditional Quiznos Restaurant; or (ii) have a Quiznos Site on or before February 28, 2009. Excluded from the Settlement Class are those Persons who requested to be excluded from the Settlement Class pursuant to the Settlement Agreement and the Notice of Pendency and Proposed Class Action Settlement sent to the Settlement Class Members.

6. With respect to the Settlement Class, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) claims of the named Plaintiffs are typical of the claims of the Settlement Class; (d) the named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. Pursuant to F.R.C.P. 23, the Court hereby approves the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate to the Plaintiffs, the Settlement Class and each of the Settlement Class Members, in light of the complexity, expense, possible duration of further litigation, the discovery and investigation conducted, and the risk and difficulty of establishing liability, causation and damages. The Court further finds that the Settlement is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement Class Members, Quiznos, Quiznos-related Parties, and Defendants.

8. As of the date hereof, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against Quiznos, Quiznos-related Parties and Defendants, whether or not such Settlement Class Member executed and delivered a Settlement Payment and Election Claim Form.

9. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against Quiznos, Quiznos-related Parties and Defendants.

10. As of the date hereof, Quiznos, Quiznos-related Parties and Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Quiznos Claims against the Settlement Class Members.

11. Attorneys' fees and litigation expenses to Plaintiffs' Counsel in the total amount of _$521,535.89 (representing $499,195.20 in attorneys' fees, plus $22,340.69 in costs, awarded pursuant to the separate Order Granting in Part Motion for Attorneys' Fees and Costs)_, which the Court finds to be fair and reasonable, are hereby approved and awarded.

12. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Quiznos, Quiznos-related Parties or Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Quiznos, Quiznos-related Parties and Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Quiznos, Quiznos-related Parties and Defendants may file the Settlement Agreement and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

13. In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14. Except as to any individual claim of those Persons (identified in Ex. 2 hereto) who have validly and timely requested exclusion from the Settlement Class in accordance with the Settlement Agreement, this Action and all claims herein, as well as all of the Released Claims are dismissed with prejudice as to Plaintiffs and all Settlement Class Members, and as against Quiznos, Quiznos-related Parties and Defendants.

15. To the extent Clarine McDonald, store 4326 (as identified in the Supplemental Reports on Late Opt Outs) has agreed to (and/or affirms her agreement to) participate in the Settlement, her submitted claim is among those approved.

16. Pursuant to F.R.C.P. 41(a)(2), the Court hereby dismisses this Action with prejudice on the merits as to the entire Settlement Class, the Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and this order or further order of this Court; provided, however, that this Court retains jurisdiction to adjudicate any dispute over the interpretation and/or full and effective implementation of the Settlement Agreement.

IT IS SO ORDERED.

Dated: December 08, 2009

_____
THE HONORABLE FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1 TO FINAL JUDGMENT**
**SETTLEMENT CLASS MEMBERS WHO OBJECT TO THE SETTLEMENT:**

None.

# EXHIBIT 2 TO FINAL JUDGMENT

## Quiznos California SNO Settlement – Timely Opt Out Forms Received

| Unique ID | Name | Receipt Date | Store | Settlement Code | Settlement Amount |
|---|---|---|---|---|---|
| 1000047 | Barton D. Klatt | 7/17/2009 | 7961 | 5(a)(2) | $8,175.00 |
| 1000056 | Megan Makki | 7/17/2009 | 7895 | 5(a)(2) | $8,175.00 |
| 1000160 | Pourandokht Mastani | 7/31/2009 | 9302 | 5(a)(2) | $8,175.00 |
| 1000166 | Alan Milani | 7/15/2009 | 10185 | 5(a)(2) | $8,175.00 |
| 1000199 | Michael Moore | 7/2/2009 | 11849 | 5(a)(1) | $2,500.00 |
| 1000293 | Chander S. Chopra | 8/4/2009 | 3852 | 5(d) - $500 | $500.00 |
| 1000315 | Samy M. Girgis | 7/21/2009 | 8171 | 5(d) - $500 | $500.00 |
| 1000328 | Justin Hurd | 7/24/2009 | 10630 | 5(d) - $500 | $500.00 |
| 1000336 | Bradley Keding | 7/18/2009 | 8055 | 5(d) - $500 | $500.00 |
| 1000362 | Chang Moua | 8/2/2009 | 10297 | 5(d) - $500 | $500.00 |